[No. A013797. First Dist., Div. One. Aug. 30, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS ANTONIO PARRAS, Defendant and Appellant.

COUNSEL

Philip H. Pennypacker, under appointment by the Court of Appeal, John Ashford Thompson and Gretchen O. Burford for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gloria F. DeHart and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Defendant Thomas Antonio Parras was found guilty by a jury's verdicts of lewd and lascivious conduct with a 10-

year-old child (Pen. Code, § 288, subd. (a)) and of a related charge of assault and battery (Pen. Code, §§ 240, 242). He appeals from the judgment which was entered upon the verdicts.

■ It is first contended by Parras that: "Systematic exclusion of prospective jurors on the sole ground of group bias violated Mr. Parras' right to trial by a jury drawn from a representative cross-section of the community."

It is argued that: The trial court erroneously denied "Mr. Parras' motion pursuant to *People* v. *Wheeler* (1978) 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 and the resultant mistrial motions premised upon the prosecutor's *admitted* systematic exclusion of prospective jurors solely because of their age group. . . . Mr. Parras' counsel made a timely motion pursuant to *Wheeler,* alleging that the prosecutor was systematically challenging the minorities of the jury panel. The trial court then asked the prosecutor to offer argument or explanation for the apparent exclusions. The prosecutor defended his actions as follows:

"Mr. Schon [the prosecutor]: . . . As to Mr. Nishimura, my first challenge on voir dire, I thought the gentleman was a little bit too young. . . . He is a very young man, I believe a student. I generally like more mature jurors on my part, and as the court has been aware of, I have been challenging the younger people on this particular panel . . . . As to Miss Gunter, it was a jury initially that she be an all right juror. Saw the complexion of the jury change, all older people, excluding Miss Gunter. At that point I decided to challenge Miss Gunter because she is the youngest person on the panel, and I like to go with a homogenous jury. The other jurors appeared to be of a more mature status in that they were older, little bit more experienced. I believe Miss Gunter was a little bit young and in general when I do select jurors I prefer more middle aged jury, a jury that I feel is a complexion of the individual to express a little bit more knowledge as to life experiences and in line with that, I decided to challenge Miss Gunter."

We observe no error. The trial court carefully followed *Wheeler*'s procedural requirements, and no fault may reasonably be found with its criticized ruling. *Wheeler* proscribes a jury drawn with "group bias," which it defines as a bias against persons "merely because they are members of an identifiable group distinguished on racial, religious, ethnic or similar grounds." (22 Cal.3d at p. 276.) Patently, such a group bias does not here appear.

■ Parras' remaining contention is that: "The conviction in count two resulted from violation of the prohibition against double jeopardy and improper instruction."

Here it is argued that the trial court erred in permitting the jury to convict of more than one criminal offense, when the evidence established only that they were committed incident "to a single objective."

Where, as argued, two or more crimes are incidental to a common criminal objective, although there may be several convictions, the defendant may be punished only for the more serious offense. (*People* v. *Meredith* (1981) 29 Cal.3d 682, 695-696 [175 Cal.Rptr. 612, 631 P.2d 46].)

We interpret the Attorney General's brief as conceding that Parras' offenses were committed as incidental to a common objective, and that he therefore may be punished only for the greater Penal Code section 288, subdivision (a), offense. That being so, imposition of a county jail sentence for the lesser assault and battery offense was improper.

But we observe that Parras received a 52-day county jail sentence for the lesser offense with credit for 52 days already so served. We think the ends of justice would best be served by an order that Parras receive, if he has not already received, full custody and conduct credit on his prison sentence for the greater offense, for the 52 days served in the county jail.

The judgment is affirmed. Defendant Parras will receive full custody and conduct credits against his prison term for the 52 days served in the county jail while awaiting trial and sentence.

Holmdahl, J., and Rushing, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 15, 1984.

---

*Assigned by the Chairperson of the Judicial Council.