[No. A030611. First Dist., Div. One. May 16, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
KEITH MARBLEY, Defendant and Appellant.

COUNSEL

Darryl S. Fried, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward P. O'Brien, Assistant Attorney General, and Morris Beatus, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

RACANELLI, P. J.—Defendant Keith Marbley was sentenced to state prison for a term of 15 years to life after a jury convicted him of second degree murder (Pen. Code, § 187) and found he personally used a deadly and dangerous weapon (Pen. Code, § 12022, subd. (b)).[1] On appeal defendant claims reversible error under *People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748], due to the exclusion of "young people" from his jury.

FACTS

Since there is no challenge to the sufficiency of the evidence, the facts are recited briefly: On the night of June 15, 1982, Michael Ehrlich picked up defendant Keith Marbley outside a gay bar in San Francisco. The two men returned to Ehrlich's condominium in San Mateo, where they drank, smoked marijuana and engaged in sexual activity. During a violent altercation some time later, Ehrlich was killed by a blow to the head with a hammer. Defendant fled the scene in Ehrlich's car and was not apprehended until two years later.

A theory of self-defense was presented.

DISCUSSION

■ Defendant contends his right to a representative jury was violated by the exclusion of young people from the jury. Defendant claims the prosecutor systematically used his peremptory challenges to dismiss five young people from the jury panel.

---

[1] Defendant was sentenced to a consecutive one-year term for the deadly weapon enhancement.

In *People* v. *Wheeler, supra,* 22 Cal.3d at pages 276-277, the Supreme Court concluded "that the use of peremptory challenges to remove prospective jurors on the sole ground of group bias violates the right to trial by a jury drawn from a representative cross-section [*sic*] of the community under article I, section 16, of the California Constitution." The group bias condemned in *Wheeler* was evidenced by the prosecution's exclusion of black jurors. (*Id.,* at p. 283; accord *People* v. *Motton* (1985) 39 Cal.3d 596, 608 [217 Cal.Rptr. 416, 704 P.2d 176], mod. 40 Cal.3d 4b-4c; *People* v. *Hall* (1983) 35 Cal.3d 161, 169 [197 Cal.Rptr. 71, 672 P.2d 854].) More recently, the Supreme Court has found similar, unconstitutional group bias towards jurors with Spanish surnames. (See *People* v. *Trevino* (1985) 39 Cal.3d 667, 692-693 [217 Cal.Rptr. 652, 704 P.2d 719].) Defendant, relying on *United States* v. *Butera* (1st Cir. 1970) 420 F.2d 564, urges us to enlarge the definition of a cognizable group to include "young people."[2] However, in *Butera* the court found only that young people between the ages of 21 and 34 were statistically underrepresented in the pool from which a grand jury was chosen.

Significantly, defendant has conveniently overlooked earlier decisions of this court rejecting young people as a cognizable class. (See *People* v. *Parras* (1984) 159 Cal.App.3d 875 [205 Cal.Rptr. 766]; and *People* v. *Estrada* (1979) 93 Cal.App.3d 76 [155 Cal.Rptr. 731].)

In *People* v. *Parras, supra,* 159 Cal.App.3d 875, we reviewed a similar issue where the prosecutor in a criminal trial admitted challenging the "younger people" on the panel. We concluded that: "*Wheeler* proscribes a jury drawn with 'group bias,' which it defines as a bias against persons 'merely because they are members of an identifiable group distinguished on racial, religious, ethnic or similar grounds.' (22 Cal.3d at p. 276.) Patently, such a group bias does not here appear." (*Id.,* at p. 877.)

In *People* v. *Estrada, supra,* 93 Cal.App.3d 76, another division of this court analyzed the concept of "cognizable group" in the context of claimed group bias resulting from exclusion of "young adults" in the selection of a grand jury panel. In rejecting the description of attitudinal differences based on age to justify class recognition, the *Estrada* court stated: "A mere 'impression' of the difference in attitudes between 'young adults' and 'older adults,' as well as their 'apparent distinctness,' without more, is an assertion of the obvious, as is the fact that a 'generation gap' exists. Both *Butera,* as well as defendant's own attempt to define more precisely the group

---

[2]We note that the First Circuit recently overruled *United States* v. *Butera, supra,* in *Barber* v. *Ponte* (1st Cir. 1985) 772 F.2d 992, 996 (opn. on rehg. en banc); accord *Anaya* v. *Hansen* (1st Cir. 1986) 781 F.2d 1, 3.

comprised of 'young adults,' still leaves us without the substantive evidence in the record to support defendant's claim that a difference in attitude exists, which if not represented on the grand jury would result in prejudice to him. . . . We conclude, therefore, that defendant's contention as to the improper exclusion of the 'young adult' group does not meet the applicable criteria of 'cognizability.'" (*Id.*, at p. 93.)

In the case before us, near the end of jury selection, defense counsel moved for mistrial under *Wheeler* on the grounds, *inter alia*, *that the prosecutor was systematically excluding young people from the jury.* Though the record is somewhat unclear, apparently 5 people ranging in ages from 18 to 28 were peremptorily challenged by the prosecution.

The trial court tentatively ruled that young people were not a cognizable group within the meaning of *Wheeler* but afforded defense counsel an opportunity to show a factual basis for a claim of group bias. The prosecutor explained that he excluded the younger jurors based on their specific life experiences. "*I felt those persons, regardless of age, had not had working experience that involved decisions that affected people's lives.*" The trial court ultimately denied the motion reasoning, in part, that "there is no such thing as a cognizant [*sic*] group made up of young people per se . . . ."

We find that ruling free of error and conclude that defendant was not deprived of his right to a representative jury.

Judgment affirmed.

Elkington, J., and Holmdahl, J., concurred.